**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| MINISTRAP, LLC,<br><br>                    Plaintiff,<br><br>        v.<br><br>TARGET CORPORATION,<br><br>                    Defendant. | Civil Action No. 2:23-cv-00330<br><br>**JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Ministrap, LLC ("Ministrap" or "Plaintiff") files this Complaint against Target

Corporation ("Defendant" or "Target") alleging, based on its own knowledge as to itself and its

own actions, and based on information and belief as to all other matters, as follows:

**NATURE OF THE ACTION**

1.        This is a patent infringement action regarding Defendant's infringement of the

following patents (the "Asserted Patents") issued by the United States Patent and Trademark

Office ("USPTO"), a copy of which are attached hereto as **Exhibit A**, **Exhibit B,** and **Exhibit C**:

| | U.S. Patent No. | Title |
|---|---|---|
| A. | 7,587,796 | Secure Strap Systems |
| B. | 8,371,000 | Secure Strap Systems |
| C. | 9,386,824 | Secure Strap Systems |

2.        Ministrap seeks injunctive relief and monetary damages.

**PARTIES**

3.        Plaintiff is a limited liability company organized under the laws of Georgia with its

registered office address located in Atlanta, Georgia.

4.        Defendant Target Corporation is a Minnesota corporation with a principal place of

business at 1000 Nicollet Mall, Minneapolis, Minnesota 55403.

5.     Defendant may be served with process through its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

6.     Ministrap repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

7.     This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others.

8.     This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

9.     Defendant is subject to this Court's specific and general personal jurisdiction under due process and/or the Texas Long Arm Statute due at least to Defendant's substantial business in this judicial district, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

10.     Specifically, Defendant has conducted, continues to conduct, and intends to conduct business in Texas, including in the Eastern District of Texas.

11.     Defendant has committed and continues to commit acts of infringement in the District directly, through intermediaries, by inducing and contributing to the infringing acts of intermediaries and third parties, and by offering their products or services, including those accused of infringement here, to customers and potential customers located in Texas, including in the Eastern District of Texas.

12.     Venue is proper against the Defendant in this District pursuant to 28 U.S.C. §§

1391(c) and 1400(b) because they have maintained established and regular places of business in this District and have committed acts of patent infringement in the District. *See In re: Cray Inc.*, 871 F.3d 1355, 1362-63 (Fed. Cir. 2017).

13.     Defendant engaged in business from Texas locations, including those in this District, by distributing, offering, and selling the Accused Products and other products to customers.

14.     Target has thousands of employees located in Texas. The activities conducted by Target and its employees at these facilities located in Texas are substantially related to Target's infringing activities conducted in this state and, on information and belief, the products accused of infringement in this litigation are sold at numerous stores in this judicial district.

15.     Target also committed the acts of infringement alleged herein and has regular and established places of business in the Eastern District of Texas. Target currently operates 15 stores in this District in the following cities: Allen, Denton, Flower Mound, Frisco, Lewisville, Longview, McKinney, Plano, Sherman, Texarkana and Tyler.



Figure 1: Target store locations in Texas. *See* https://www.target.com/store-locator/store-directory/texas

16.     Target operates a large distribution center at 13786 County Rd 433, Tyler, TX 75706, where hundreds of trucks provide distribution services for Target in the Eastern District of Texas.

17.     Defendant commits acts of infringement in this district, including, but not limited to, from the locations identified in the preceding paragraph, and including, but not limited to, the sale, offer for sale, and use of the Accused Products and inducement of third parties to sale, offer for sell, and use the Accused Products.

**THE ACCUSED PRODUCTS**

18.     Ministrap repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

19.     Based upon information and belief, Defendant sells, uses, causes to be used, provides, supplies, or distributes one or more products featuring binding straps, fastening straps,

and/or strap systems, including, but not limited to, various replacement cables featuring the brand names "Anker" and "Otter Box". Specifically, upon information and belief, Defendant sells the following Anker and OtterBox products that include infringing straps or strap systems: Anker Powerline Select + USB-C to Lightning Cable, Anker 3' Powerline + II Braided USB-A to Lightning Cable Silver, Anker 6' Powerline + II Braided USB-A to Lightning Cable – Silver, Anker 6' Powerline + II Braided USB-A to Lightning Cable – Black, Anker 10' USB-A to Lightning Cable – Black, Anker 6' Powerline Select Braided USB-C to USB-A – Black, Anker 6' Powerline Select + USB-C to USB-C Cable – Black, Anker 10' Powerline + II Braided USB-A to Lightning Cable – Silver, Anker 3' Powerline Select + USB-C to USB-C Cable – Black, Anker 3' Powerline Select Braided USB-C to USB-A Cable – Black, OtterBox Wireless Charging Stand for MagSafe – White, and OtterBox Wireless Charging Pad for MagSafe (the "Accused Products").[1]

---

[1] *See* https://www.target.com/s?searchTerm=anker&moveTo=product-list-grid; and
https://www.target.com/s?searchTerm=Otter+Box+Cables



Figure 2A:  User review of Anker 6' Powerline+ II USB-A to lightning cable displaying the Anker strap wrapped around the cable.



Figure 2B:  User review of Anker 6' Powerline Select+ USB-C to USB-C cable displaying the Anker strap wrapped around the cable.



Figure 2C:  Image of the Anker 3' Powerline+ II Silver cable in the case displaying the Anker strap around the cable.



<u>Figure 2D</u>:  Image of the Anker 10' Powerline+ II USB-A to lightning black cable displaying the Anker strap around the cable.



<u>Figure 2E</u>:  Image of the Anker 3' Powerline Select+ USB-C to USB-A black cable displaying the Anker strap around the cable.



Figure 2F:  Image of OtterBox Wireless Charging Pad for Magsafe displaying the OtterBox strap wrapped around the cable.



<u>Figure 2G</u>:  Image of OtterBox Wireless Charging Stand for MagSafe displaying the OtterBox strap wrapped around the cable.

20.      Upon information and belief and based on public knowledge, Defendant makes (and will continue to make) Accused Products available for sale at its locations in this state and district.  The Accused Products therefore include straps and/or strap systems that secure various objects including, but not limited to, elongated items such as cables and wires.

21.      The strap and/or strap systems included in the Accused Products include a first fastening loop and a second fastening loop to secure a single item or multiple items together.



<u>Figure 3A</u>:  Image of Anker strap unrolled displaying aperture and narrow tongue portion of strap.



Figure 3B:  Image of OtterBox strap unrolled displaying aperture and narrow tongue portion of strap.

22.    The first fastening loop and second fastening loop securely attach the elongated item or items together in a manner that aids in avoiding tangling, provides a clean appearance, and also enables multiple elongated items to be attached to each other or multiple sections of a single elongated item to be attached to each other.

23.    For these reasons and the additional reasons detailed below, the Accused Products practice at least one claim of the Asserted Patents.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,587,796**

24.    Ministrap repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

25.    The USPTO duly issued U.S. Patent No. 7,587,796 (the '796 patent") on September 15, 2009 after full and fair examination of Application No. 11/670,829 which was filed February 2, 2007 and was a continuation-in-part of application Nos. 10/465,162 and 10/094,524.  A true and correct copy of the '796 patent is attached as **Ex. A**

26.    The claims of the '796 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve upon the function and operation of self-fastening straps made of self-fastening material.

27.    The written description of the '796 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

28.    Ministrap owns all substantial rights, interest, and title in and to the '796 patent,

including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

29.     Ministrap or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '796 patent.

30.     Defendant has directly infringed and continues to directly infringe one or more claims of the '796 patent by using, providing, supplying, or distributing the Accused Products.

31.     Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '796 patent.  For example, the Accused Products include a fastening strap system relating to securing at least two elements to be secured.

32.     The fastening strap system of the Accused Products comprises:  a) at least one first elongated strap portion each comprising, i) at least one first strap end portion, ii) at least one first strap width, and iii) at least one first strap length; b) at least one second elongated strap portion each comprising, i) at least one second strap end portion, ii) at least one second strap width, and iii) at least one second strap length; c) at least one aperture comprising, i) at least one aperture width, and ii) at least one aperture length; d) wherein said fastening strap system consists essentially of a unitary portion of flexible sheet material; e) wherein said unitary portion of flexible sheet material comprises, i) a first side having its entire first-side surface substantially comprising at least one first fastening surface, and ii) a second side having its entire second-side surface substantially comprising at least one second fastening surface adapted to be detachably fastenable to said at least one first fastening surface; f) wherein all said at least one first elongated strap portions and all said at least one second elongated strap portions are parallel and collinear; g) wherein said at least one aperture is located between said at least one first strap end portion of said

at least one first elongated strap portion and said at least one second strap end portion of said at least one second elongated strap portion; and h) wherein said at least one aperture width is sized so as to be able to receive said at least one first elongated strap portion without requiring twisting along at least one longitudinal axis of said at least one first strap length of said at least one first elongated strap portion; i) wherein said second strap width without bending or folding along said at least one second strap length of said at least one second elongated strap portion, prevents insertion of said at least one second elongated strap portion into said at least one aperture; j) wherein said at least one first fastening surface comprises at least one hook fastening surface; k) wherein said at least one second fastening surface comprises at least one complementary fastening surface; l) wherein said fastening system is structured and arranged to form at least one first fastening loop, such first fastening loop formed by encirclement of said at least one first elongated strap portion around at least one first element to be secured, insertion of at least said first strap end portion of said at least one first elongated strap portion into and through said at least one aperture, and cinching of said at least one first elongated strap portion to secure the at least one first element to be secured, wherein such at least one first fastening loop is secured by connection of said at least one first fastening surface with said at least one second fastening surface, wherein such fastening is finely adjustable; and m) wherein said fastening system is further structured and arranged to form at least one second fastening loop formed by encirclement of said at least one second elongated strap portion around at least one second element to be secured wherein such at least one second fastening loop is secured by connection of said at least one first fastening surface with said at least one second fastening surface, wherein such fastening is finely adjustable.

33.    Defendant had knowledge of the '796 patent at least as of the date when they were notified of the filing of this action.

34.    Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus have been willfully blind of Ministrap's patent rights.

35.    Ministrap has been damaged as a result of the infringing conduct by the Defendant alleged above.  Thus, Defendant is liable to Ministrap in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 8,371,000

36.    Ministrap repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

37.    The USPTO duly issued U.S. Patent No. 8,371,000 (the "'000 patent") on February 12, 2013 after full and fair examination of Application No. 12/548,377 which was filed August 26, 2009 and was a continuation-in-part of application Nos. 11/670,829 (which issued as the '796 patent), 10/465,162, and 10/094,524.  A true and correct copy of the '000 patent is attached as **Ex. B**.

38.    The claims of the '000 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve upon the function and operation of self-fastening straps made of self-fastening material.

39.    The written description of the '000 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time

of the invention.

40.    Ministrap owns all substantial rights, interest, and title in and to the '000 patent, including the sole and exclusive right to prosecute this action and enforce the '000 patent against infringers and to collect damages for all relevant times.

41.    Ministrap or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '000 patent.

42.    Defendant has directly infringed and continues to directly infringe one or more claims of the '000 patent by using, providing, supplying, or distributing the Accused Products.

43.    Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '000 patent.  For example, the Accused Products include a fastening strap system relating to securing at least two elements.

44.    The fastening strap system of the Accused Products consisting of:  a) at least one first strap portion having, i) at least one first strap end portion, ii) at least one first strap length, and iii) at least one first strap width; and b) at least one second strap portion having, i) at least one second strap end portion, ii) at least one second strap length, and iii) at least one second strap width; c) wherein said at least one first strap portion has, i) at least one first side comprising at least one first fastening surface covering substantially all of said at least one first side, and ii) at least one second side comprising at least one second fastening surface covering substantially all of said at least one second side; iii) wherein said at least one first fastening surface is structured and arranged to be detachably fastenable to said at least one second fastening surface; d) wherein said at least one second strap portion is offset parallel from said first strap portion a distance about equal to said at least one first strap width; e) wherein all said at least one first strap portions and

all said at least one second strap portions are parallel.

45.    Since at least the time of receiving this Complaint, Defendant has also indirectly infringed and continues to indirectly infringe the '000 patent by inducing others to directly infringe one or more claims of the '000 patent. Defendant has induced and continues to induce end-users, including, but not limited to, Defendant's customers, employees, partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, one or more claims of the '000 patent by providing or requiring use of the Accused Products. Defendant took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '000 patent, including, for example, claim 1 of the '000 patent. Such steps by the Defendant included, among other things, advising or directing personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide users to use the Accused Products in an infringing manner. Defendant is performing these steps, which constitute induced infringement with the knowledge of the '000 patent and with the knowledge that the induced acts constitute infringement. Defendant is aware that the normal and customary use of the Accused Products by others would infringe one or more claims of the '000 patent. Defendant's inducement is ongoing.

46.    Defendant has also indirectly infringed and continues to indirectly infringe by contributing to the infringement of one or more claims of the '000 patent. Defendant has contributed and continues to contribute to the direct infringement of one or more claims of the '000 patent by its personnel, contractors, and customers. The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '000 patent, including, for example,

claim 1 of the '000 patent. The special features include, for example, the system of claim 1 that allows the claimed strap system to form two fastening straps. The special features constitute a material part of the invention of one or more of the claims of the '000 patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendant's contributory infringement is ongoing.

47.    Defendant had knowledge of the '000 patent at least as of the date when they were notified of the filing of this Count.

48.    Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus have been willfully blind of Ministrap's patent rights.

49.    Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

50.    Defendant's direct infringement of one or more claims of the '000 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Ministrap's rights under the patent.

51.    Ministrap has been damaged as a result of the infringing conduct by the Defendant alleged above. Defendant is liable to Ministrap in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

52.    Ministrap has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. Ministrap has and will continue to suffer this harm by virtue of Defendant's infringement of one or more claims of the '000 patent. Defendant's actions have interfered with and will interfere with Ministrap's ability to license

technology.  The balance of hardships favors Ministrap's ability to commercialize its own ideas and technology.  The public interest in allowing Ministrap to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 9,386,824

53.    Ministrap repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

54.    The USPTO duly issued U.S. Patent No. 9,386,824 (the "'824 patent") on July 12, 2016 after full and fair examination of Application No. 13/765,168 which was filed February 12, 2013 and was a continuation-in-part of application Nos. 12/548,377 (which issued as the '000 patent), 11/670,829 (which issued as the '796 patent), 10/465,162, and 10/094,524.  A true and correct copy of the '824 patent is attached as **Ex. C**.

55.    The claims of the '824 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve upon the function and operation of self-fastening straps made of self-fastening material.

56.    The written description of the '824 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

57.    Ministrap owns all substantial rights, interest, and title in and to the '824 patent, including the sole and exclusive right to prosecute this action and enforce the '824 patent against infringers and to collect damages for all relevant times.

58.       Ministrap or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '824 patent.

59.       Defendant has directly infringed and continues to directly infringe one or more claims of the '824 patent by using, providing, supplying, or distributing the Accused Products.

60.       Defendant has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least claim 1 of the '824 patent.  For example, the Accused Products include a fastening strap system relating to securing at least two elements.

61.       Ministrap has been damaged as a result of the infringing conduct by the Defendant alleged above.  Defendant is liable to Ministrap in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Ministrap hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

Ministrap requests that the Court find in its favor and against Defendant, and that the Court grant Ministrap the following relief:

      a.     Judgment that one or more claims of the Asserted Patents has been infringed, either literally or under the doctrine of equivalents, by the Defendant;

      b.     A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the '000 patent; or, in the alternative, an award of a reasonable ongoing royalty for future infringement of the '000 patent by such entities;

c.      Judgment that Defendant accounts for and pays to Ministrap all damages to and costs incurred by Ministrap because of Defendant's infringing activities and other conduct complained of herein;

d.      Pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

e.      That this Court declare this an exceptional case and award Ministrap its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

f.      All other and further relief as the Court may deem just and proper under the circumstances.

Dated: <u>July 14, 2023</u>

Respectfully submitted,

By: */s/ C. Matthew Rozier*

C. Matthew Rozier (CO 46854)*
**ROZIER HARDT MCDONOUGH PLLC**
500 K Street
2nd Floor
Washington, District of Columbia 20005
Telephone: (720) 820-3006
Email: matt@rhmtrial.com

Jonathan L. Hardt (TX 24039906)*
**ROZIER HARDT MCDONOUGH PLLC**
712 W. 14th Street, Suite C
Austin, Texas 78701
Telephone: (210) 289-7541
Email: hardt@rhmtrial.com

James F. McDonough, III*
Jonathan R. Miller*
Travis E. Lynch*
**ROZIER HARDT MCDONOUGH PLLC**
659 Auburn Avenue NE, Unit 254
Atlanta, Georgia 30312
Telephone: (470) 480-9505; -9517; -9514
Email: jim@rhmtrial.com
Email: miller@rhmtrial.com
Email: lynch@rhmtrial.com

*Attorneys for Plaintiff MINISTRAP, LLC*

*Admitted to the Eastern District of Texas

<u>**List Of Exhibits**</u>
  A.  U.S. Patent No. 7,587,796
  B.  U.S. Patent No. 8,371,000
  C.  U.S. Patent No. 9,386,824