IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MINISTRAP, LLC,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION,<br><br>Defendant. | Civil Action No. 2:23-cv-00330<br>[LEAD CASE] |
| MINISTRAP, LLC,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>Defendant. | Civil Action No. 2:23-cv-00328<br>[MEMBER CASE] |

**DEFENDANT'S OPPOSED MOTION TO STAY**

**I.   INTRODUCTION**

Defendant Costco Wholesale Corporation ("Costco" or "Defendant") respectfully moves to stay this action, or alternatively sever and partially stay the portion of the case involving Anker branded accused products, pending resolution of the copending litigation between Plaintiff Ministrap, LLC ("Ministrap" or "Plaintiff") and Fantasia Trading, LLC d/b/a AnkerDirect ("Anker") in the Northern District of Georgia.

Plaintiff filed suit against Costco merely because it is a retailer of replacement cables featuring brand names such as "Anker" and "atomi" that include straps or strap systems (the "Accused Products"). ECF No. 1 ¶18. One of those suppliers, Anker, filed a copending litigation

with Ministrap in the Northern District of Georgia, seeking declaratory judgments of noninfringement. *See generally Fantasia Trading, LLC d/b/a AnkerDirect v. Ministrap, LLC et al.*, 1:23-cv-04762-SDG (N.D. Ga.). That declaratory judgment suit will address the same patents asserted against Costco here, and the same Anker products Ministrap accuses of infringement here. Thus, this action should be stayed under the law of the customer-suit exception. Staying this action (either entirely or partially) pending resolution of the Georgia suit will save Court and party resources and resolve the infringement claims of Ministrap (a Georgia company) on the merits against a more appropriate defendant – the supplier – in Ministrap's own backyard.

## II. BACKGROUND

Costco is a Washington corporation with its principal place of business in Issaquah, Washington. ECF No. 1 ¶ 4. Costco is accused of patent infringement for selling products with the following brand names: "Anker" and "atomi." ECF No. 1 ¶ 18. None of these companies are located in Texas. One of these suppliers – Anker – has brought its own suit against Ministrap seeking declaratory judgment of noninfringement in the Northern District of Georgia ("the Georgia Action").

Ministrap has no ties to this District or any other part of Texas. Ministrap is a Georgia corporation with its principal place of business in Atlanta, Georgia. ECF No. 1 ¶ 3. Ministrap's owner and sole member, Joseph Schultz, the named inventor of the asserted patents, lives in Georgia as well. It does not appear that Ministrap owns or rents property in Texas, makes any products here, employs anyone here, or is registered to conduct business in Texas.

## III. THIS CASE SHOULD BE STAYED PENDING RESOLUTION OF THE ANKER DECLARATORY JUDGMENT ACTION IN GEORGIA

"A trial court has broad discretion to stay an action against a party to promote judicial economy." *GreatGigz Solutions, LLC v. Costco Wholesale Corp.*, No. 6-21-CV-00807, 2022 WL

1037114, at *1 (W.D. Tex. Apr. 6, 2022) (citing *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000) and *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)).  This is particularly true when a patent infringement case is brought not against the manufacturer of a product, but a customer who merely resells the product. *Id*. ("Where suit is brought against a manufacturer and its customers, the action against the customers should be stayed pending resolution of the case against the manufacturer to promote judicial economy."); *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365-66 (Fed. Cir. 2014) ("When a patent owner files an infringement suit against a manufacturer's customer and the manufacturer then files an action of noninfringement or patent invalidity, the suit by the manufacturer generally take[s] precedence."). The "customer-suit exception" provides that "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990).

      A.      **The General Stay Factors Weigh In Favor Of A Stay**

In deciding whether to stay a patent case, courts typically consider: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*, No. A-13-CA-1025-SS, 2015 WL 3773014, at *2 (W.D. Tex. June 16, 2015).  In the instant case, all three factors weigh in favor of a stay, at least the portion against the Anker Accused Products.

      1.      *Staying This Action Will Not Unduly Prejudice Ministrap*

Staying this action pending resolution of the Georgia Action will not prejudice Ministrap. First, Ministrap will have an opportunity to argue infringement against Anker products in the Georgia Action and will not be prejudiced by a delay.  *See Kirsch Rsch. & Dev., LLC v. Bluelinx*

3

*Corp.*, No. 6:20-CV-00316-ADA, 2021 WL 4555803, at *4 (W.D. Tex. Oct. 4, 2021) ("The Court disagrees with the premise that granting this motion [to stay] is a source of delay separating patentee from the quick vindication of its right."); *GreatGigz*, 2022 WL 1037114, at *3. Second, Ministrap "did not seek a preliminary injunction in this case, undermining [any] claim of undue prejudice." *ACQIS, LLC v. EMC Corp.*, 109 F. Supp. 3d 352, 358 (D. Mass. 2015) (holding that a stay was warranted because plaintiff would "still have all of [its] legal and equitable remedies available when the stay is lifted"). Thus, this factor favors a stay.

### 2. *Staying This Action Will Simplify The Issues*

Staying this action will greatly simplify the issues. As noted above, Ministrap filed suit against Costco for selling the Accused Products. Thus, resolution of the issues of infringement of the Anker products would resolve altogether the same issues in this Action.[1] *See, e.g., Katz*, 909 F.3d at 1464; *Lighthouse Consulting Grp., LLC v. Bank of America, N.A.*, No. 2:19-cv-250-JRG-RSP, 2020 WL 6781978, at *3 (E.D. Tex. Mar. 26, 2020) (noting that a stay would "result in a significant simplification" of the customer actions because the same issues would be resolved in the manufacturer action).

Of the brands of products accused in the instant case ("Anker" and "atomi"), the Anker product is included in the pending Georgia Action. Although the other brand is currently not included in the pending Georgia Action, the same set of claims of the same patents are asserted against all brands of products. Thus, issues being adjudicated in the pending Georgia Action would apply for the purposes of determining infringement of the commonly-asserted claims. Further, because the pending Georgia Action involves a supplier of Accused Products, who has generally

---

[1] Costco understands that other similarly situated retailer defendants (Target, Best Buy, Walmart, and/or Office Depot) with Anker Accused Products have filed or will be filing motions to stay, which would further streamline and simply the issues for the Court.

superior knowledge of design and construction of products than retailers in general (such as Costco, the Defendant in the instant case), the pending Georgia Action would be preferable for a determination of infringement for the asserted patents. *See Westport Fuel Sys. Canada, Inc. v. Ford Motor Co.*, No. 2:21-CV-0453-RWS-RSP, 2023 WL 318466, at *3 (E.D. Tex. Jan. 19, 2023) ("[D]iscovery directly from [the manufacturer] will likely yield better evidence because [the manufacturer] likely has greater access to evidence regarding the functionality of the accused device than would any of its customers.").

A determination that Anker products do not infringe the asserted patents would completely settle Ministrap's claims against Costco (and the other retailers) with respect to those products, and the double-recovery rule would prevent Ministrap from obtaining additional damages in this action if it were to prove infringement in the Georgia Action. *See, e.g., Transcore, LP v. Elec. Transaction Consultants Corp.*, No. 3:05-cv-2316-K, 2008 WL 2152027, at *7 (N.D. Tex. May 22, 2008), *aff'd*, 563 F.3d 1271 (Fed. Cir. 2009). Furthermore, discovery in the Georgia Action focuses largely on the supplier, which possesses the relevant evidence concerning design, development, manufacturing, and operation of the Accused Products. The supplier also possesses the relevant financial information, including revenues, costs, benefits, and licensing, concerning the Accused Products.

Thus, a stay (at least a partial stay regarding the Anker Accused Products) of this action would allow for more streamlined discovery in the Georgia Action, and "would obviate the need for non-party discovery" here. *CyWee*, 2018 WL 4002776 at *3; *see also Lighthouse Consulting, LLC*, 2020 WL 6781978, at *3 (finding that a stay "would seem to simplify the resolution of discovery disputes" in the customer actions because the supplier possessed the salient technical and financial information about the accused product). In sum, the supplier is the "true defendant

in the customer suit," *Katz*, 909 F.2d at 1464, and adjudication of its claims in the Georgia Action will simplify or resolve the claims in this action. Thus, this factor favors a stay.

### 3. The Early Stage Of This Action Favors A Stay

The final factor asks whether discovery is complete and whether a trial date has been set. This inquiry is aimed at determining whether litigation has progressed significantly enough for a stay to be disfavored. *See, e.g.*, *Nichia Corp. v. Mary Elle Fashions, Inc. et al.*, 2016 WL 9558954, at *1 (E.D. Tex. Dec. 12, 2016y) ("Stays are favored in the interest of conserving judicial and party resources, and avoiding duplic[ative] litigation.").

As of the date of filing this Motion, an answer has been filed – and nothing more. Because this case is in its infancy, this factor weighs in favor of a stay. *See Mantissa Corp. v. Old Second Bancorp, Inc.*, No. 17 C 9175, 2018 WL 3059604, at *8 (N.D. Ill. June 20, 2018) (staying customer lawsuit pending disposition of manufacturer lawsuit because, *inter alia*, "a stay will certainly reduce the burden of litigation on the parties and the Court [since] [t]his case is in its early stages, with the case having just been filed … and Defendants' answer filed[.]"); *cf. also CyWee Grp. Ltd. v. Huawei Device Co.*, No. 2:17-CV-495-WCB, 2018 WL 4002776 at *4 (E.D. Tex. Aug. 22, 2018) (finding this factor weighed in favor of a stay even though claim construction had begun); *Lighthouse Consulting*, 2020 WL 6781978, at *3 (finding this factor weighed "slightly in favor of" a stay, even where "discovery has already been ongoing for a few months" and the claim construction hearing was less than six weeks away).

Because all of the relevant factors favor a stay, this action (at least the portion regarding the Anker Accused Products) should be stayed pending disposition of the Georgia Action.

### B. The Court Should Stay The Case Under The Customer-Suit Exception Factors

This case should also be stayed under the customer-suit exception. The court analyzes

three factors to determine whether the customer-suit exception should apply: "(1) whether the customer-defendant in the earlier-filed case is merely a reseller; (2) whether the customer-defendant agrees to be bound by any decision in the later-filed case that is in favor of the patent owner; and (3) whether the manufacturer is the only source of the infringing product." *CyWee Grp. Ltd.*, 2018 WL 4002776, at *4; *Kirsch*, 2021 WL 4555803, at *2. Here, all three factors support applying the exception, and this action being stayed.

### 1. *The Suppliers Are The True Defendants*

Costco is a retailer. The suppliers of the Accused Products are responsible for their manufacture and possess the technical information. Moore Decl. ¶ 3. Accordingly, staying this action in favor of the Georgia Action is warranted. *Nintendo*, 756 F.3d at 1366.

Moreover, resolution of the Georgia Action will resolve substantial issues in this action. Judgment in favor of Anker would be dispositive of Ministrap's claims that Costco infringes Ministrap patents by reselling accused Anker products. *See, e.g., Kerotest Mfg. Co. v. CO-Two Fire Equip. Co.*, 342 U.S. 180, 185-86 (1952) (judgment in favor of a manufacturer accused of infringement bars suits against customers). Alternatively, if Ministrap obtains judgment in its favor against Anker in Georgia, it will have exhausted its rights as a patent holder and will be precluded from collecting damages from ***any*** reseller, including Costco. *See, e.g., Glenayre Elecs., Inc. v. Jackson*, 443 F.3d 851, 864 (Fed. Cir. 2006) (precluding plaintiff from seeking damages from customers because damages already collected from manufacturer). Resolution of these infringement claims will significantly simplify this action. *See Katz*, 909 F.2d at 459, 1464. Moreover, as the supplier of its Accused Products, Anker plainly has a "greater interest in defending [their] actions against charges of patent infringement" than Costco, the reseller. *See Spread Spectrum Screenings LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011);

7

*see also Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1082 (Fed. Cir. 1989) (collecting cases holding that a stay is appropriate where the customer is a mere reseller).

### 2. *Costco Agrees To Be Bound By The Outcomes Of The Suppliers' Suits*

Costco agrees to be bound by the outcomes of the Georgia Action as to infringement of the asserted patents by Anker. Moore Decl. ¶ 4. This favors a stay. *GreatGigz*, 2022 WL 1037114, at *3; *CyWee Grp. Ltd.*, 2018 WL 4002776 at *4.

### 3. *Anker Is The Only Source Of The Accused Anker Products*

Anker is the only source of the accused Anker products. If the Court considers it relevant that this action involves other suppliers beyond the Georgia declaratory judgement plaintiff, the Court may either stay the entire case in the interest of judicial economy or sever and stay the claims involving Anker products only. Costco submits that this entire action should be stayed in the interest of judicial economy, which this Court has broad discretion to do. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997). Alternatively, Costco submits that the claims involving Anker Accused Products be severed and stayed, which is within courts' discretion when there are multiple suppliers for the accused products. *See, e.g.*, *Sonrai Memory Ltd. v. LG Elecs. Inc.*, 2022 WL 545051, at *5 (W.D. Tex. Feb. 23, 2022) ("Under these circumstances, severance and stay will conserve party and judicial resources. Federal Rule of Civil Procedure 21 provides that, 'the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.' The decision to grant a motion to sever is committed to the discretion of the district court. *In re EMC Corp.*, 677 F.3d 1351, 1355 (Fed. Cir. 2012). The Court will exercise its discretion in the interests of conserving judicial resources, party resources, and avoiding inconsistent judgments."); *Flygrip, Inc. v. Costco Inc.*, 2022 WL 2373714, at *4 (W.D. Tex. June 29, 2022) ("'the court may at any time, on just terms, add or drop a party. The court may also sever a claim

against a party.' … The Court therefore exercises its discretion to sever the claims involving the Popsockets and Otterbox Products from the claims involving the Quest and Merkury Products."). Either route will avoid duplicative discovery and briefing, resulting in "substantial savings of litigation resources" for the parties and Court. *In re Google Inc.,* 588 F. App'x 988, 991 (Fed. Cir. 2014).

Thus, all of the customer-suit exception factors support a stay (at least the portion regarding the Anker Accused Products).

### IV.   CONCLUSION

For the foregoing reasons, Costco respectfully requests that this motion be granted, and that this action (or part of it against Anker Accused Products) be stayed pending resolution of the Georgia Action.

Dated: November 14, 2023

Respectfully submitted,

**BLANK ROME LLP**

By: */s/ Domingo M. LLagostera*
Domingo M. LLagostera
State Bar No. 24070157
717 Texas Avenue, Suite 1400
Houston, TX 77002
Tel.: (713) 632-8634
Fax: (713) 228-6605
domingo.llagostera@BlankRome.com

**RIMON P.C.**

Jason Liang Xu
(DC 980531)*
1990 K Street NW, Suite 420
Washington, D.C. 20006
Telephone/Facsimile: (202) 470-2141
Jason.xu@rimonlaw.com

9

John Handy*
1765 Greensboro Station Place Tower I
Suite 900
McLean, VA 22102
Telephone/Facsimile: (703) 559-7360

**Counsel for Defendant Costco Wholesale Corporation**

*Admitted to the Eastern District of Texas

### CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel has complied with the meet and confer requirement in Local Rule CV-7(h). On November 9, 2023, counsel for Defendant conferred with counsel for Plaintiff, but the parties were unable to reach agreement as to the relief request herein.

/s/ Domingo M. LLagostera
Domingo M. LLagostera

### CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, the undersigned hereby certifies that, on November 14, 2023, all counsel of record who have appeared in this case are being served with a copy of the above-referenced document via the Court's CM/ECF system.

/s/ Domingo M. LLagostera
Domingo M. LLagostera