IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MINISTRAP LLC,<br><br>        Plaintiff,<br><br>v.<br><br>TARGET CORPORATION,<br><br>        Defendant. | Civil Action No. 2:23-cv-00330-JRG-RSP<br><br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S SUR-REPLY TO DEFENDANTS' MOTIONS TO STAY**

Plaintiff Ministrap, LLC ("Ministrap" or "Plaintiff") files this sur-reply to the consolidated Reply (Dkt. No. 28) filed by Defendants in support of their Motions to Stay (Dkt. No. 18, 19, 20, 21, 23) these cases pending resolution of the DJ action filed by Fantasia Trading, LLC d/b/a AnkerDirect ("Anker") in the Northern District of Georgia. *See Fantasia Trading, LLC d/b/a AnkerDirect v. Ministrap, LLC et al.*, 1:23-cv-04762-SDG (N.D. Ga.) ("Georgia DJ Action").

**ARGUMENT**

The customer suit exception is far from the bright-line rule that Defendants would have this Court adopt. To be sure, the rule is not one that requires a case against a customer to be stayed as a matter of course if there is a later filed suit by a manufacturer. Rather, "the guiding principles in the customer suit exception cases are efficiency and judicial economy." *Tegic Commc'ns Corp. v. Bd. Of Regents of Univ. of Tex. Sys.*, 458 F.3d 1335, 1343 (Fed. Cir. 2006). As demonstrated in Ministrap's Opposition, there are at least four independent reasons that neither principle will be advanced by a stay here.

*First*, Defendants have given this Court no indication of how much of these cases involve Anker products. Defendants' Reply is devoid of any facts demonstrating the percentage of Defendants' total sales that are attributable to Anker. *See* Dkt. No. 24 ("Opposition"), at p. 1.

1

Defendants' silence on this point reveals that Defendants' arguments for efficiency and judicial economy are specious, at best. Indeed, it is implausible for Defendants to suggest that these suits would promote judicial economy or conserve party resources, if Anker products are only a minor portion of Defendants' total sales. The Court should not stay this case now when it will still be required to adjudicate the ***majority*** of Ministrap's claims for infringement years down the road.

***Second***, invalidity is not currently at issue in the Georgia DJ Action, and Defendants' argument that the Georgia DJ Action ***could*** resolve validity is entirely hypothetical. Reply, at §I(B). There are no claims or counterclaims related to invalidity in the Georgia DJ Action, and that is the simple truth. *Cf.* Reply, at p. 3. Not only has Ministrap filed a Motion to Dismiss the Georgia DJ Action in its entirety, Ministrap has not counterclaimed for infringement, leaving no room for Anker to challenge the validity of the Asserted Patents. **Exhibit A**, at pp. 10-14.[1] Based on these two points alone, the Court should deny Defendants' Motions because they have not cited a single case from this District, where a stay was granted under such circumstances.[2]

**Third**, staying these cases (or even just the Anker portion of them) will not only prejudice Ministrap (as noted in the Opposition), but it will fail to simplify any issues. Although Defendants promise simplification through the Georgia DJ Action, that action will soon be dismissed. For

---

[1] Defendants' Reply also claims that Anker may not have raised validity in the Georgia DJ Action to avoid implicating the bar on Anker filing for *inter partes* review ("IPR") with the U.S. Patent Trial & Appeal Board ("PTAB"). *See* Reply, at p. 3 (citing 35 U.S.C. § 315(a)(1)). As a practical matter, no IPRs have been filed, and Anker's litigation strategy is one it (and Defendants) will have to live with. The reason Anker failed to raise invalidity is immaterial to the analysis here.

[2] Defendants' citation to *Sonrai Memory* and *Flygrip* are inapposite; in both cases the manufacturers ***were*** challenging validity at the time the customer's motion to stay was filed. *See Sonrai Memory Ltd. v. LG Elecs. Inc.*, No. 6:21-cv-00168-ADA, 2022 U.S. Dist. LEXIS 31423, at *12 (W.D. Tex. Feb. 23, 2022) (recognizing that the customers had agreed to be bound by "invalidity determinations" in the manufacturer cases); *Flygrip, Inc. v. Walmart Inc.*, Civil Action No. 6:21-cv-01082-ADA, 2022 U.S. Dist. LEXIS 115655, at *8-9 (W.D. Tex. June 29, 2022) (noting one manufacturer had already filed two petitions for *inter partes review* challenging the validity of an asserted patent).

example, the sole "affirmative act" alleged by Anker giving rise to declaratory judgment jurisdiction in the Georgia DJ Action is Ministrap's filing of these cases against Defendants (*see* Ex. A, at p. 9), but according to the Federal Circuit, the mere existence of customer suits is insufficient to create DJ jurisdiction for a manufacturer. *See Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 904 (Fed. Cir. 2014).[3] Moreover, Ministrap expressly informed Anker it had no plans to pursue litigation directly against it, further undermining jurisdiction. Ex. A, at pp. 10-14; *DataTern*, 755 F.3d at 907 (holding that there was no subject matter jurisdiction with respect to the '402 patent with respect to Microsoft in part because the patentee's "litigation strategy appears to involve suing software users, not software suppliers"). Anker has also failed to plead that there are any express indemnification agreements with any of its resellers, which is a precondition to standing according to the Federal Circuit. *See* Ex. A, at §I(B).[4]

*Fourth*, even assuming the Georgia DJ Action is not dismissed (and it should be), the traditional stay factors weigh strongly against a stay. The Georgia DJ Action could take years, creating a real risk that evidence and witness testimony is lost. Although Defendants argue that Anker "possesses the relevant discovery and witnesses to address infringement of the Anker products" (Reply, at p. 5), that does nothing to address evidence related to the other six manufacturers' products, which would still remain at risk. As noted in more detail in Ministrap's Opposition, the traditional stay factors provide independent grounds warranting denial of the requested stay.

---

[3] "To the extent that Appellees argue that they have a right to bring the declaratory judgment action solely because their customers have been sued for direct infringement, they are incorrect." *Id.*

[4] Notably, Anker brought a tortious interference claim against the inventor of the patents, presumably as a means to intimidate and bully. But Anker's tortious interference claim against the inventor is solely based on Ministrap asserting its patent rights in these customer cases, which is protected by the First Amendment, Federal Patent Law, and the *Noerr-Pennington* doctrine. *See* Ex. A, at §II. Those claims will also be dismissed.

Dated: <u>December 15, 2023</u>                Respectfully submitted,

                                By: <u>*/s/ James F. McDonough, III*</u>
                                James F. McDonough, III (GA 117088)*
                                Jonathan R. Miller (GA507179)*
                                Travis E. Lynch (GA 162373)*
                                **ROZIER HARDT MCDONOUGH PLLC**
                                659 Auburn Avenue NE, Unit 254
                                Atlanta, Georgia 30312
                                Telephone: (404) 564-1866, -1863, -1862
                                Email: jim@rhmtrial.com
                                Email: miller@rhmtrial.com
                                Email: lynch@rhmtrial.com

                                C. Matthew Rozier (CO 46854)*
                                Kristin M. Whidby (VA 91805)*
                                **ROZIER HARDT MCDONOUGH PLLC**
                                500 K Street, 2nd Floor
                                Washington, District of Columbia 20005
                                Telephone: (404) 779-5305; (202) 217-0575
                                Email: matt@rhmtrial.com
                                Email: kristin@rhmtrial.com

                                Jonathan L. Hardt (TX 24039906)*
                                **ROZIER HARDT MCDONOUGH PLLC**
                                712 W. 14th Street, Suite C
                                Austin, Texas 78701
                                Telephone: (737) 295-0876
                                Email: hardt@rhmtrial.com

                        **Attorneys for Plaintiff,** ***MINISTRAP, LLC***

                                                *Admitted to the Eastern District of Texas

## CERTIFICATE OF SERVICE

I hereby certify that on this day a true and correct copy of the foregoing document was filed electronically under seal in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service.

Dated: December 15, 2023

By: */s/ James F. McDonough, III*
James F. McDonough, III