UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MINISTRAP LLC,<br><br>        Plaintiff,<br><br>v.<br><br>TARGET CORPORATION,<br><br>        Defendant. | Civil Action No. 2:23-cv-00330-JRG-RSP<br><br>(Lead Case) |

**MEMORANDUM ORDER**

Before the Court are substantially similar Motions to Stay filed by defendants Target, Best Buy, Office Depot, Costco, and Walmart. (**Dkt. Nos. 18, 19, 20, 21, 23**.) These Defendants request the Court stay each of their member actions pending resolution of a declaratory judgment action brought by a common manufacturer to each of these Defendants in Georgia. For the reasons provided below, these Motions are **DENIED**.

I.     BACKGROUND

Plaintiff Ministrap has asserted patents against various products resold by the Defendants from various different manufacturers[1]. One of those manufacturers, Fantasia Trading, LLC d/b/a Anker Direct ("Anker"), has brought a declaratory judgment action against Ministrap to establish its products do not infringe. *See Fantasia trading, LLC d/b/a/ AnkerDirect v. Ministrap, LLC et al.*, 1:23-cv-04762-SDG (N.D. Ga.).

II.     LEGAL STANDARD

"The party seeking a stay bears the burden of showing that such a course is appropriate." *Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, No. 218-cv-390-RWS-RSP, 2019 WL 3826051, at *1 (E.D. Tex. Aug. 14, 2019) (quoting *Realtime Data, LLC v. Hewlett Packard Enter. Co.*, No. 6:16-cv-86-RWS-JDL,

---

[1] Precisely which manufacturer's products are accused varies by defendant but each Defendant resells Anker products and thus move for stay pending resolution of the Georgia case.

2017 WL 3712916, at *3 (E.D. Tex. Feb. 3, 2017)); *accord Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). "The decision of whether to extend a stay falls solely within the court's inherent power to control its docket." *Personal Audio LLC v. Google, Inc.*, 230 F. Supp. 3d 623, 626 (E.D. Tex. 2017) (citing *ThinkOptics, Inc. v. Nintendo*, No. 6:11-cv-455-LED, 2014 WL 4477400, at *1 (E.D. Tex. Feb. 27, 2014)); *accord Clinton v. Jones*, 520 U.S. 681, 706 ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.") (citing *Landis*, 299 U.S. at 254).

District courts typically consider three factors when deciding whether to stay litigation pending a related proceeding: "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will simplify issues in question in the litigation." *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *2 (E.D. Tex. Mar. 11, 2015) (collecting cases).

### III.  ANALYSIS

Defendants argue that this action should be stayed under the customer-suit exception to the first-to-file rule, and contend that the manufacturers are the true defendants, that the moving Defendants agree to be bound by the outcome on infringement in the Georgia action, and that Anker is the only source of Anker products. (Dkt. No. 18 at 7-8.)

Plaintiff counters that these arguments do not strongly support a stay. First, Plaintiff contends the Defendants as resellers are the true defendants based on Plaintiff's assertion of its patents against a variety of products common to the resellers but not to the manufacturers, who each only manufacture their own products. (Dkt. No. 24 at 6.) Plaintiff contends that, therefore, Defendants' showing is excessively thin. (*Id.*) Plaintiff further argues that Defendants' agreement to be bound only by the Georgia infringement finding but not invalidity finding, diminishes their agreement significantly. (*Id.* at 7.)

Regardless of who qualifies as the "true defendant," the Court finds Plaintiff's other arguments regarding the Customer-Suit exception persuasive as to simplification under the traditional stay factors.

### a. Stage of the Case Proceedings

Defendants contend that since there has been nothing filed in this case beyond the instant motion and an answer, this case is still in its infancy and this factor weighs in favor of staying the case. (Dkt. No. 18.)

Plaintiff contends that it has served infringement contentions and, as of filing, discovery was set to open soon and thus in light of its strong showing below, Defendants' showing here does not warrant a stay. (Dkt. No. 24 at 9-10.)

The Court finds this factor weighs somewhat in favor of a stay. "Usually, the Court evaluates the stage of the case as of the time the motion was filed." *Peloton Interactive*, 2019 WL 3826051, at *5 (quoting *Papst Licensing GMBH & Co., KG v. Apple, Inc.*, 6:15-cv-1095-RWS, slip op. at 7 (E.D. Tex. June 16, 2017)) (citing *VirtualAgility*, 759 F.3d at 1317). The Motion was filed before discovery opened and before a scheduling conference had been held. There is very little opportunity for a stay motion to be filed earlier. Thus, this factor favors a stay[2].

### b. Issue Simplification

Defendants contend a stay would simplify this case as the resolution of the Georgia case will address the same infringement issues against the Anker products and similar issues as to other products. (Dkt. No. 18 at 4-5.) Defendants emphasize that the Georgia case is the preferred venue for resolving those claims because the manufacturer will have superior knowledge to address infringement. (*Id.*) Defendants argue that at least a partial stay would thus simplify this action. (*Id.*)

Plaintiff counters that a stay will not simplify this action because, at best, the Georgia case will only impact a small fraction of the issues Plaintiff has presented to this Court. (Dkt. No. 24 at 8.) Because Plaintiff asserts infringement against a variety of products, most having nothing to do with the Georgia action, those issues will be entirely unimpacted by that action's resolution.

The Court agrees with Plaintiff. The Georgia action has only a narrow overlap with these cases.

---

[2] The Court notes that as simplification is the primary factor in this analysis, this factor cannot outweigh simplification disfavoring a stay as provided below.

3

While there are advantages to determining infringement with the manufacturer as a party, that is only the case here for one of many manufacturers. Even with a finding of non-infringement by Anker, this Court would still be tasked with construing claims and adjudicating infringement and all associated defenses for the remaining products in this case. Indeed there is no guarantee that the Georgia case will accept the manufacturer's declaratory judgment action. Thus, there is little if any simplification to be had in staying this action.

### c. Undue Prejudice

Defendants generally contend the proposed stay would not prejudice Plaintiff. (Dkt. No. 18 at 3-4.) Defendants contend Plaintiff will have the opportunity to argue infringement in the Georgia action and never sought a preliminary injunction. (*Id.*)

Plaintiff counters it will be prejudiced based first on its interest in timely enforcement of its patent rights. (Dkt. No. 24 at 8.) Plaintiff also argues it will face evidentiary prejudice, in particular spoliation and loss of witness testimony. (*Id.* at 9.)

Plaintiff's concern is surely entitled to some weight. *Uniloc USA, Inc. v. Acronis, Inc.*, No. 615-cv-1001-RWS-KNM, 2017 WL 2899690, at *2 (E.D. Tex. Feb. 9, 2017) (citing *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015)). However, where, as here, a patentee seeks exclusively monetary damages, as opposed to a preliminary injunction or other relief, "mere delay in collecting those damages does not constitute undue prejudice." *Id.* (quoting *SSL Servs., LLC v. Cisco Sys., Inc.*, No. 2:15-cv-433-JRG-RSP, 2016 WL 3523871, at *2 (E.D. Tex. June 28, 2016)) (citing *VirtualAgility Inc. v. Salesforce.com*, 759 F.3d 1307, 1318 (Fed. Cir. 2014)). Further, Plaintiff has made no particular showing in support of its spoliation concerns, absent a showing of any case-specific prejudice, this factor is neutral.

### IV. CONCLUSION

For the reasons stated, the Court **DENIES** Defendants' motions to stay.

**SIGNED this 30th day of June, 2024.**

4

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE